UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiff, individually
and on behalf of all others similarly
situated.*

| | |
|---|---|
| Francisco Segura, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 17-CV-00826 |
| - vs. - | **COMPLAINT** |
| Unity Building Services, Inc., and Michael Cerone, | |
| Defendants. | |

Plaintiff Francisco Segura, by and through his undersigned attorneys, for his complaint against Defendants Unity Building Services, Inc., and Michael Cerone, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

### NATURE OF THE ACTION

1. Plaintiff Francisco Segura, alleges on behalf of himself and on behalf of other similarly situated current and former employees of Defendants Unity Building Services, Inc., and Michael Cerone, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to unpaid wages

from Defendants for overtime work for which they did not receive overtime premium pay as required by law.

2.  Plaintiff further complains on behalf of himself and on behalf of a class or appropriate subclasses of other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations; (ii) compensation for Defendants' violation of the Wage Theft Prevention Act; and (iii) liquidated damages pursuant to New York Labor Law.

## THE PARTIES

3.  Plaintiff Francisco Segura is an adult individual residing in the Bronx, New York.

4.  Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.  Upon information and belief, Defendant Unity Building Services, Inc. ("Unity Building Services") is a New York corporation with a principal place of business at 379 Fifth Avenue, 2nd Fl., New York, New York 10016.

6.  At all relevant times, Defendant Unity Building Services has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.  Upon information and belief, at all relevant times, Defendant Unity Building Services has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, Defendant Unity Building Services has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9. Upon information and belief, at all relevant times, Defendant Unity Building Services has constituted an "enterprise" as defined in the FLSA.

10. Upon information and belief, Defendant Michael Cerone is an owner or part owner and principal of Unity Building Services who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11. Defendant Michael Cerone was involved in the day-to-day operations of Unity Building Services and played an active role in managing the business.

12. For example, Defendant Michael Cerone hired Plaintiff, supervised his work, and set his schedule.

13. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. § 206 and § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of himself and a Collective defined as follows:

> All persons who are or were employed by Defendants in the United States at any time since February 3, 2014, to the entry of judgment in this case (the "Collective Action Period") as housekeepers, cleaners and porters, who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), Plaintiff seeks to prosecute his New York Labor Law claims on behalf of himself and a Class defined as follows:

> All persons who are or were employed by defendants in the United States at any time since February 1, 2011, to the entry of judgment in this case (the "Class Period"), as housekeepers, cleaners and porters, who were not properly paid overtime compensation (the "Class Members").

18. Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

19. Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of Defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

20. Plaintiff will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.

4

21.     Plaintiff's claims are typical of the claims of the putative Class and Collective Action Members, and Plaintiff has no interests that are contrary to, or in conflict with, those of the putative members of this Class Action or Collective Action.

22.     Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative Class and Collective Actions to individually seek redress for the wrongs done to them.

23.     Questions of law and fact common to the members of the putative Class and Collective Actions predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.

24.     Among the common questions of law and fact under the FLSA and New York wage and hour laws common to Plaintiff and other putative Class/Collective Action Members are the following:

    a.     Whether Defendants failed and/or refused to pay Plaintiff and the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    b.     Whether Defendants failed and/or refused to pay Plaintiff and the putative Class Members premium pay for hours worked in excess of forty per workweek, in violation of New York wage and hour laws and the regulations promulgated thereunder;

    c.    Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the putative Class or Collective Action Members;

    d.    Whether Defendants' violations of the FLSA were willful, or not made in good faith, as those terms are used within the context of the FLSA; and

    e.    Whether Defendants' violations of the New York Labor Law were willful, or not made in good faith, as those terms are used within the context of New York Labor Law.

25. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a Collective Action or Class Action.

26. The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as porters and cleaners, and were denied premium overtime pay for hours worked beyond forty hours in a week.

27. They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

28. Plaintiff and the Collective Action Members and Class Action Members perform or performed similar primary duties, and were subjected to the same policies and practices by Defendants.

29. The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

## FACTS

30. At all relevant times herein, Defendants owned and operated a cleaning and janitorial service in Manhattan.

31. Mr. Segura has been employed by Defendants since approximately April 2012, as a janitor and porter.

32. Throughout his employment with Defendants, Mr. Segura has been responsible for cleaning and maintaining the Ralph Lauren stores on Madison Avenue.

    a. During his morning shifts, Mr. Segura is responsible for "stone care," i.e. cleaning the floors.

    b. During his afternoon shifts, Mr. Segura is responsible for removing garbage and other kinds of mess, and making repairs.

33. Mr. Segura's work is performed in the normal course of Defendants' business and is integrated into the business of Defendants, and does not involve executive or administrative responsibilities.

34. At all relevant times herein, Mr. Segura has been an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

35. From January 2015 through February 2016, Mr. Segura worked two shifts per day, seven days per week.

    a. Mr. Segura's shifts were scheduled from 6:00 A.M. to 10:00 A.M. (morning shifts); and from 3:00 P.M. to 8:00 P.M (afternoon shifts).

    b. As a result, he worked approximately 63 hours per week.

36. Since March 2016, Mr. Segura has been working six days per week.

    a. From Monday to Thursday, Mr. Segura works from 6:00 A.M. to 10:00 A.M. (morning shifts); and from 3:00 P.M. to 8:00 P.M (afternoon shifts).

    b.    On Friday, Mr. Segura is scheduled to work form 7:00 A.M. to 8:00 P.M., doing only porter-type work, such as taking out the garbage and cleaning the bathrooms.

    c.    Therefore, Mr. Segura works for 16 hours in the morning from Monday through Thursday; 20 hours in the afternoon from Monday through Thursday; and 13 hours on Fridays.

    d.    As a result, he works approximately 49 hours per week.

37.    Mr. Segura is paid at two different rates; one for his morning shifts and one for his afternoon shifts.

38.    From approximately January 2015 until December 2015, Mr. Segura was paid hourly at the following rates:

    a.    $10 per hour for his morning shifts.

    b.    $15 per hour for his afternoon shifts.

39.    From 2016 up to and including the present, Mr. Segura has been paid hourly, at the following rates:

    a.    $13 per hour for his morning shifts.

    b.    $18 per hour for his afternoon shifts.

40.    Mr. Segura is paid at these rates for all hours worked in a week, regardless of the number of hours he worked.

41.    From approximately January 2015 until the present, Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

42. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

43. Upon information and belief, throughout the period of Plaintiff's employment, both before that time (throughout the Class and Collective Action Periods) and continuing until today, Defendants have likewise employed other individuals like Plaintiff (the Class and Collective Action Members) as cleaners/porters that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

44. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members and Class Action Members, including policies, practices, and procedures with respect to the payment of overtime.

45. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet Defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

46. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, Defendants employed Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

48. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

49. As a result of Defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action Members, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

51. Due to Defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Overtime)

52. Plaintiff, on behalf of himself and the members of the Class or an appropriate subclass, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, Plaintiff and the members of the Class were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. Defendants willfully violated the rights of Plaintiff and the members of the Class by failing to pay them full overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R § 141-1.4.

55. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

56. Due to Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

57. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

59. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

60. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages

of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the members of the Collective and Class actions, respectfully request that this Court grant the following relief:

a. Certification of this action as a Class Action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of members of the Class and appointing Plaintiff and his counsel to represent the Class and/or appropriate subclasses;

b. Designation of this action as a Collective Action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with

them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f. Liquidated damages for Defendants' New York Labor Law violations;

g. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

h. Back pay;

i. Punitive damages;

j. An award of prejudgment and post-judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated: February 3, 2017

/s/ Michael Samuel
Michael Samuel, Esq.
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiff,
individually and on behalf of
others similarly situated.*

**EXHIBIT A**

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Unity Building Services and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Unity building Services. y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Francisco Segura

Date: January 17, 2017