## SETTLEMENT AGREEMENT

**IT IS HEREBY AGREED BY AND AMONG,** Francisco Segura ("Plaintiff") and Unity Building Services Inc., and Michael Cerone (Defendants) as follows:

**WHEREAS,** Plaintiff commenced an action in United States District Court – Southern District of New York on February 3, 2017 styled as *Francisco Segura, individually and on behalf of all others similarly situated v. Unity Building Services, Inc. and Michael Cerone*, Docket 17-CV-00826 (hereinafter the "Action") in which they have asserted various claims and aver they are entitled to alleged unpaid wage and unpaid overtime compensation under the Fair Labor Standards Act and ("FLSA") and New York State Labor Law ("NYLL"), as well as compensation for notice violations and wage statement violations under the NYLL; and

**WHEREAS,** Defendants deny all of the material allegations asserted by Plaintiff and deny and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiff; and

**WHEREAS,** Plaintiff and Defendants, in good faith, have agreed to avoid the time, expense and effort of engaging in further litigation by resolving all of their disputes by entering into this Settlement Agreement (hereinafter, the "Agreement"):

**NOW, THEREFORE,** Plaintiff and Defendants hereby agree, for the consideration and upon the terms set forth in this Agreement, as follows:

1. Plaintiff shall not hereafter directly or indirectly commence and/or continue or participate in any wage-and-hour related lawsuit, charge, claim or proceeding in any forum against Defendants, either individually or jointly, relating to any FLSA and/or New York Labor Law obligation or claim concerning Plaintiff's employment with Defendants arising on or before the effective date of this Agreement.

2. In full, final and complete settlement of the claims under the facts at issue in the Action and hereafter precluded by law, Defendant Unity Building Services, Inc., on behalf of itself and Defendant Michael Cerone, hereby agrees to cause to be paid to Plaintiff the total aggregate sum of **Twenty-Five Thousand Dollars ($25,000.00)** as follows:

   A. One check payable to Plaintiff Francisco Segura in the amount of Sixteen Thousand Three Hundred Thirty-Two Dollars and Zero Cents (**$16,332.00**).
   B. One check payable to The Law Office of Samuel & Stein, as attorneys for Plaintiff, in the amount of Eight Thousand Six Hundred Sixty-Eight Dollars and Zero Cents (**$8,668.00**) each, for total attorney fees of Eight Thousand One Hundred Sixty-Six Dollars and Zero Cents (**$8,166.00**) and Five Hundred and Two Dollars and Zero Cents (**$502**) for filing fees and service of process.

The Company will make the payments described in Paragraph 2 (collectively the "Settlement Funds") by sending the checks via overnight delivery to Samuel & Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001 in the following manner: one check for Plaintiff

and one check payable to The Law Office of Samuel & Stein will be sent on or before April 20, 2018 or within five (5) business days of Court approval of the settlement, whichever is later.

If the Court does not approve the settlement by April 20, 2018, the Company will send the payments to Christopher W. Hliboki, Esq., One University Plaza, Suite 210, Hackensack, NJ 07601, to be held until such time as the Court approves the settlement, at which point the payment will be promptly released to Michael Samuel of Samuel & Stein at the address noted above.

3. Plaintiff hereby stipulates, acknowledges and understands that, in consideration of payment of the Settlement Funds, said payment constituting good and valuable consideration, Plaintiff hereby, acting on his or its own free will and volition, and on behalf of itself, himself, his heirs, administrators, executors, representatives, successors and assigns, releases Defendants, individually and jointly, their subsidiaries, affiliates, shareholders, owners, directors, officers, employees, agents, heirs, administrators, executors, representatives, successors and assigns, in their capacities as such, from debts, obligations, claims, demands, orders, judgments or causes of action arising out of the claims and/or facts at issue in the action by reason of Plaintiff's employment with Defendants, from the beginning of the world to the date of execution of this Agreement.

> A. Defendants reciprocally release Plaintiff from all labor and employment-related liabilities, debts, claims and causes of action arising out of the claims and or facts at issue in the action by reason of Plaintiff's employment with Defendants, from the beginning of the world through the date of the effective date of this Agreement

4. The parties have not and will not engage in any conduct that is injurious to the reputation and interests of the other, including publicly disparaging (or inducing or encouraging others to publicly disparage), denigrating, or criticizing Plaintiff or Defendants regarding any subject matter, including, without limitation, those that are relevant to the instant proceedings, and settlement. This condition shall not be construed to include truthful statements by Plaintiff regarding the subject-matter of this lawsuit.

5. Plaintiff understands and agrees that he has been advised that he has twenty- one (21) days from the date of this Agreement within which to decide whether to sign this Agreement, which includes a release of claims.

6. Plaintiff understands and agrees that he has been advised to consult with his own attorney before signing this Agreement, and that he has done so by consulting Michael Samuel of Samuel & Stein. Defendants understand and agree that they have been advised to consult with their own attorney before signing this Agreement.

7. By entering into this Agreement, none of the parties hereby makes any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor

any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of Defendants, who expressly deny any liability to Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

8.  If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

9.  In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

10. By signing this Agreement, Defendants and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

11. This Agreement represents the entire agreement between Plaintiff and Defendants. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

- A. This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

- B. Each of the Parties has participated in negotiating and drafting this Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

- C. <u>Severability</u>. In the event that any provision of this Agreement is held by any court of

competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

12. Any breach or violation of this agreement by either party, will be considered a material breach of this agreement and will entitle the other party to recover actual damages, if any, caused by the breach or violation. In addition, the non-breaching party may seek legal or equitable relief, including, but not limited to, injunctive relief or other equitable relief as it may deem appropriate. If Defendant fails to make payment in accordance with this agreement, Plaintiff shall provide Defendants with 10 days' written notice of the alleged breach with an opportunity to cure. If the alleged breach is not cured at the close of the 10-day period, Plaintiff shall be entitled to file the attached Confession of Judgment (annexed hereto as Exhibit A) with the Court. Said Confession of Judgment is in the amount of Fifty Thousand Dollars (**$50,000.00**), two times the settlement amount.

13. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

14. For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff(s): Michael Samuel, Samuel and Stein, 38 West 32nd Street, Suite 1110, New York, NY 10001.

For Defendant(s): Michael Cerone on behalf of himself and on behalf of Unity Building Services, Inc.: Christopher W. Hliboki, Esq., One University Plaza, Suite 210, Hackensack, NJ 07601.

15. The parties to this Agreement expressly acknowledge that this Agreement reflects a reasonable compromise of the disputed issues and that the proposed settlement is fair and reasonable under the totality of the circumstances; specifically, Plaintiff acknowledges that there are disputed questions of material facts surrounding any entitlement by Plaintiff to overtime under State and Federal law, disputed issues of fact concerning the calculation of any sums owing, if any, under State and Federal law, and related questions of law. Accordingly, the parties mutually agree that amicable and swift settlement satisfactory to Plaintiff and Defendants is an appropriate resolution of this dispute, thereby avoiding further time, energy and costs to the parties and to the District Court.

By signing below, each party acknowledges and represents that the settlement amount is fair and reasonable and takes into account any and all claims that Plaintiff has raised under the

facts or claims as of the date of this agreement against Defendants under the FLSA and NYLL for alleged unpaid wage and unpaid overtime compensation and under the NYLL for notice and wage statement notice violations, as well as any other claim that has been at issue in the action.

_____
Francisco Segura

Date: April 10, 2018

_____
Michael Cerone, on behalf of Unity Building Services, Inc.

Date: April ___, 2018

5

facts or claims as of the date of this agreement against Defendants under the FLSA and NYLL for alleged unpaid wage and unpaid overtime compensation and under the NYLL for notice and wage statement notice violations, as well as any other claim that has been at issue in the action.

_____          _____
Francisco Segura                                   Michael Cerone, on behalf of Unity
                                                   Building Services, Inc.

Date: April___, 2018                               Date: April _10_, 2018